Small et al., Appellants, *v.* Smith et al.

Argued September 24, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Quincy D. Hastings,* for appellants.—Persons in a confidential relation are required to speak and act fairly, and the beneficiary need not show actual fraud; facts showing constructive fraud are enough to entitle him to relief: Corrigan v. Conway, 269 Pa. 373.

The duty to account in this case, to disclose, arises by reason of the confidential relation existing between defendants and plaintiffs,—a relation created by defendants themselves,—and that duty is one arising by reason of the law and is not such a duty as may be stipulated against: Darlington's Est., 147 Pa. 624; Greenfield's Est., 14 Pa. 489.

*John L. Nesbit,* with him *T. C. Cochran,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, November 26, 1928:

Plaintiffs, some of whom are, and others of whom at one time were, but are not now, owners of beneficial interest shares, which had been issued under and in accordance with the provisions of a common law trust deed (their entire holdings being less than one-fifteenth of one per cent of the total investment), filed a class-bill against some but not all of the trustees and the trust estate, praying that the trustees be decreed to account to plaintiffs for certain money collected by them but belonging to the corpus of the trust; incidentally asking also that they be required to produce the account books of the trust and submit them to the inspection of plaintiffs and their agents. Service of the bill was made on some of the specified trustees only. The court below dismissed the bill and plaintiffs appeal.

The trust deed, which is attached to the bill, gives "absolute power" to the trustees "to manage, control, mortgage and dispose of" the money and property of the trust in carrying on the businesses specified in the deed, "with as full discretionary power and authority as they

would have if they were the sole and absolute owners" thereof, the investors to receive beneficial interest shares for the moneys contributed by them, "without partnership or any other associate relation whatever"; such shares to be "personal property giving [their owners] ......only the right to a division of the declared net profits when and as the same may be distributed by the trustees," and "shall not entitle the owners thereof to any title in or to the trust property, nor shall they have the right to call for a partition or division of the same, or for a dissolution of the trust, or for an accounting ......it being fully understood and agreed that absolute control and dominion over the right to dispose of said property, and the income, revenues and proceeds thereof, so held in trust by said trustees, is hereby vested in said trustees and their successors," until the time arrives for final distribution as specified in the deed. It further provides that "this declaration of trust shall be and hereby is ratified and confirmed by all future holders of beneficial interests in this estate by virtue of the acceptance by them of certificates of beneficial interests." Upon the terms stated, plaintiffs purchased the shares upon which alone they base the present proceedings.

It is probable that if entitled to the relief sought by the bill, plaintiffs would have to apply for it in the courts of Texas, where the trust was organized, its property is situated and its business is carried on. No reason appears why this was not done, unless, indeed, there was a fear that such a bill as this was sure to be dismissed by the courts of that state (Wineinger v. Farmers' and Stockmen's Loan & Inv. Assn., 278 S. W. 932, 936); but we need not consider the point, since it is barren of any averment which would justify a court of equity, here or there, in granting the relief prayed for. If there had been an abuse of power, or a misuse of the funds of the trust, doubtless the existing shareholders could, by proper proceedings in a proper court,

compel the trustees to answer for their wrongful conduct; but, in the absence thereof,—which is the case here,—the contract specified in the deed is binding upon all the parties to it or claiming under it: Palmer v. Taylor, 168 Ark. 127. So long as the trustees act in good faith "the sole right of the cestuis que trust is to have the property administered in their interest by the trustees, ......to receive income while the trust lasts, and their share of the corpus when the trust comes to an end": Williams v. Milton, 215 Mass. 1, 11; Wrightington on Unincorporated Associations and Business Trusts (2d ed.), pages 234, 246.

What appellants charge is simply that defendants "have failed and neglected to render to the stockholders or holders of beneficial interests in the [trust]...... any accounting of the money received or properly expended [by them] as such trustees" though "plaintiffs have frequently demanded" such an accounting. There is no averment that defendants have been guilty of any fraud or wrongdoing, or have not fully and honestly accounted to all the trustees; nor that the trustees have failed or refused to require an accounting which should have been rendered and the net amount due the trust paid thereto. What plaintiffs' rights would have been if such averments had been made, and where and how their rights could have been enforced, need not be discussed, for, as stated above, the bill is silent on these vital subjects.

On the other matter involved, it is equally defective. It alleges that defendants caused books of account to be kept "which were intended to show the true condition of the financial affairs" of the trust, that plaintiffs "have demanded the right to inspect and examine the books," and pray that the defendant trustees be required to "produce and place [them] subject to the examination of the plaintiffs or their authorized agents." But it is fatally defective in that it does not show that the books are within the territorial jurisdiction of the court, or are in

the possession or under the control of these defendants, either here or elsewhere.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.